Byron Michael Murphy Sr.,   ) C/A No. 2:10-2542-CWH-RSC
)
)
Plaintiff,   )
)
vs.   )
) **Report and Recommendation**
Pamela D. Brown, *D.S.S.*;   )
Judge Paul W. Garfinkel,   )
)
)
Defendants.   )

## *Background of this Case*

The *pro se* plaintiff is a detainee at the Charleston County Detention Center. Defendant Pamela Brown is an attorney for the South Carolina Department of Social Services. Judge Paul W. Garfinkel is a Family Court Judge.

The "STATEMENT OF CLAIM" portion of the reveals that this civil rights action arises out of child support matters adjudicated by the Family Court. The plaintiff states:

> As of June, the D.S.S. was deducting money out
> of my pay checks and they issued warrants for
> me in July and August and I presented my
> Family Court receipts stating they were
> deducting money out of my check, so how is it
> that the [sic] can issue a warrant for me and
> also give me 8 months of imprisonment causing
> me to lose my job also altering my plans to

1

> attend Strayer University so that I can attend
> school to make a better life for my children
> and myself.

(Complaint, ECF No. 1, at page 3).

In his prayer for relief, the plaintiff seeks compensation for the money taken from him, lost wages, and emotional stress. The plaintiff also writes: "I would like to be taken off child support altogether and be given the opprutunity [sic] to take care of my children." (Complaint, ECF No. 1, at page 4).

## *Discussion*

Under established local procedure in this judicial district, a careful review[1] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even so, a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

In this civil rights action, this court cannot set aside the orders of the Family Court in the plaintiff's child support matters. Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of

3

state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).[2] This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See, e.g., Ivy Club v. Edwards*, 943 F.2d 270, 284 (3rd Cir. 1991). The *Rooker-Feldman* doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 484-86, and *Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989). The *Rooker-Feldman* doctrine also applies even if the state

---

[2]In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *See Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003), *reversing Bazzle v. Green Tree Financial Corp.* 351 S.C. 244, 569 S.E.2d 349 (2002); *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992), *reversing* 304 S.C. 376, 404 S.E.2d 895 (1991); *In Re Primus*, 436 U.S. 412, 432-39 (1978), *reversing In Re Smith*, 268 S.C. 259, 233 S.E.2d 301 (1977)(*per curiam*); *Edwards v. South Carolina*, 372 U.S. 229 (1963), *reversing State v. Edwards*, 239 S.C. 339, 123 S.E.2d 247 (1961); and *Murray v. Charleston*, 96 U.S. 432, 443-49 (1878), *reversing Jenkins v. Charleston*, 5 S.C. 393 (1874). *Cf. Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

court litigation has not reached a State's highest court. *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986).

This principle was reaffirmed in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005)(*Rooker-Feldman* doctrine applies only when the loser in state court suit files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself). *See also Davani v. Virginia Dept. of Transp.*, 434 F.3d 712 (4th Cir. 2006).

Moreover, in a civil rights action, a federal district court must accord full faith and credit to the decision of a state court in a child support matter. 28 U.S.C. § 1738B. *See also* 28 U.S.C. § 1738 (federal court must accord full faith and credit to state court judgment); and 28 U.S.C. 1738A (full faith and credit for child custody orders issued by state courts).

The Family Court for Charleston County is a court in the State of South Carolina's unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (1989); *Spartanburg County Dept. of Social Services v. Padgett*, 370 S.E.2d 872, 875-76 & n. 1 (1988); and *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (1975).

Family Court Judges are judges in the State of South Carolina's unified judicial system. *In the Matter of Mendenhall*, 316 S.C. 196, 447 S.E.2d 858 (1994).

Judge Garfinkel is immune from suit in the above-captioned civil rights action for his judicial actions in the plaintiff's child support matters. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). *Accord Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000) (discussing judicial immunity of United States District Judges and United States Circuit Judges).

The plaintiff is not entitled to compensatory damages for mental stress and anguish. Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no

liability under Section 1983 regarding such claims. *See Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985); and *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir. 1989). *See also* the Prison Litigation Reform Act, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983. This provision is codified at 42 U.S.C. § 1997e(e), and has been held to be constitutional. *See Zehner v. Trigg*, 952 F. Supp. 1318 (S.D. Ind. 1997), *affirmed*, 133 F.3d 459, 463 (7th Cir. 1997) ("The restriction § 1997e(e) places on prisoners, therefore, is not even exclusive to them; [*Metro-North Commuter R.R. v. Buckley*, 521 U.S. 424 (1997) (Federal Employers' Liability precludes recovery for emotional damages from exposure to asbestos in the absence of symptoms of asbestos-related disease)] authoritatively interprets an Act of Congress to impose the same restriction upon a large group of non-prisoners. This application to another group severely undercuts plaintiffs' argument that § 1997e(e) denies them equal protection.").

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)];

7

and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the important Notice on the next page.

October 4, 2010      _Robert S. Carr_
Charleston, South Carolina    Robert S. Carr
                                    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).