# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Byron Michael Murphy, Sr., | ) | Civil Action No.: 2:10-2542-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Pamela D. Brown, D.S.S., | ) | |
| Judge Paul W. Garfinkel, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Byron Michael Murphy, Sr., a detainee at the Charleston County Detention Center, filed this pro se action against the defendant Pamela Brown, an attorney for the South Carolina Department of Social Services, and Judge Paul W. Garfinkel, a Family Court Judge, alleging that his civil rights were violated when his child support obligation was adjudicated by the Family Court. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this matter was referred to United States Magistrate Judge Robert S. Carr for pre-trial proceedings and a report and recommendation. On October 4, 2010, the magistrate judge issued a report recommending that this matter be dismissed without prejudice pursuant to the Rooker-Feldman doctrine. (Docket Entry # 8). The magistrate judge advised the plaintiff of the procedures and requirements for filing objections to the report and the serious consequences if he failed to do so. The plaintiff has filed no objections and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). In the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

After reviewing the record of this matter, the applicable law, and the report and recommendation of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts and incorporates the report and recommendation by reference in this Order. The plaintiff's complaint is dismissed without prejudice.

**AND IT IS SO ORDERED.**

C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

November 4, 2010
Charleston, South Carolina